Barnard, P. J.
The amendment of the complaint should have been granted. The action is one to grant a title to lands under water and this involves the title of the adjacent upland, for the plaintiff’s grant from the state of the lands under water could not be valid, unless it was made out to the upland owners. The pleadings state a title to the lands under water based upon a deed from the heirs of one Corsan to the plaintiff, which is stated to convey upland and land under water. The defendant denies the . plaintiff’s title to the land described in the complaint, and avers that she and her predecessors for a great many years had owned the strip of upland adjacent to the land under water and that the land under water had never been granted to the persons who were entitled thereto. Upon the trial the court held that the description of the lands was to be confined to lands under water, and as to those there was no possession proven, and, therefore, the plaintiff asked to amend by claiming title to the upland by inserting it in the complaint. This was entirely within the spirit of the complaint, and within the words of the answer, and it was the specific thing which was to decide the controversy. Such an amendment should always be granted. It was not only in furtherance of justice but really made the issue which the parties were to try. The answer was drawn to meet upland and water grant. 1
Under the pleadings without the amendment the complaint was improperly dismissed. The evidence shows at least affirmatively that the plaintiff had been in possession of a strip of upland along the whole front of the water grant for many years. • This strip was some ten or twelve feet above high water mark and next to Bay street in the sea side. If the contract was, therefore, to be limited to the title to the lands under water the plaintiff was entitled to have the title to this strip fixed and established, so as to support his title to the lands under water which had been granted to him by the upland owners. Actual possession of the land described in the grant was proven. A fish house had been built upon the strip about twelve feet wide and a work shop sufficient to hold a boat. There was a dock some hundred feet and connecting Bay street with a float, and the strip generally was otherwise used to haul out and paint boats upon. These privileges were rented out and rent was paid without question.
*505 The judgment should be reversed, ■ with costs to abide event.
The order for an extra allowance must be reversed, with the judgment!
Pratt and Dykman, JJ., concur.